UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

OTHA LEE WEAVER,

    Plaintiff,

  v.

KOHL'S DEPARTMENT STORES, INC.,

    Defendant.

Case No. 19-cv-484-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Kohl's Department Stores, Inc.'s ("Store") motion for summary judgment (Doc. 26). Plaintiff Otha Lee Weaver has responded to the motion (Doc. 28), and the Store has replied to that response (Doc. 37).

This case arose after Weaver fell in the Store, breaking her hip. The store now seeks summary judgment on the grounds that Weaver cannot show the Store caused her to fall or that the Store had a duty to warn about any open and obvious tripping hazard that may have caused her to fall. Weaver contends there are factual disputes about causation and duty, but that she needs more time for discovery before she can properly respond to the motion.

**I.     Summary Judgment Standard**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Nevertheless, the "favor toward the

nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017) (internal quotations and citations omitted).

## II.     Facts

The Store accuses Weaver of relying on speculation to support her case—she has pointed to no eyewitnesses to the exact cause of her fall—while Weaver contends her evidence consists of circumstantial evidence from which a reasonable jury could find she has proved her case. The Court is careful in its recitation of facts not to cite speculation as fact, but also to draw all possible reasonable inferences in Weaver's favor. Accordingly, the Court finds the following facts for the purpose of this motion.

Weaver, who was 83 years old at the time, went shopping at the Store with her family—her husband Glen, her daughter Judy Harris, and Judy's husband—on December 9, 2017. At some point Weaver and Harris decided to visit the rest room. Harris walked in front of her mother by about 12 to 15 feet, and her mother followed. Their path required walking between a Store service desk and a display rack on one side and a checkout counter on the other. On the ground beside the service desk was a cardboard box. At some point navigating the path near the service desk, Weaver fell and broke her hip. She has sued the Store for negligence claiming she tripped over the box.

The story is complicated by the fact that Weaver has dementia and may not be competent to testify as to what happened. There were no eyewitnesses to the fall from Weaver's family, and Weaver has not deposed any Store employees who may have seen the incident. This is because, in light of Weaver's dementia, her counsel and the Store's former counsel agreed informally that Harris would be deposed first, then Weaver's neurologist (who could speak to her

mental competence), then the Store's relevant employees. They anticipated that all this could be accomplished by the discovery deadline of March 6, 2020.

Harris was deposed on October 13, 2019. She testified that she did not see the accident, but that she heard a noise behind her as she was walking and then heard Weaver fall. When she walked back to her mother sitting on the floor by the service desk, she saw a large cardboard box on the floor beside the service desk, at which point she recognized the first sound she heard as a foot hitting the cardboard box. There is a surveillance video showing the box and the fall, and a still photograph after the fall showing Weaver on the floor beside the box. The box was not flush against the counter; it was angled to the point that it might have ended up had someone tripped over its corner.

After Harris's deposition, the Store retained new counsel, who appeared on November 20, 2019. Several days before the March 6, 2020, discovery deadline, the Store's new counsel proposed March 13, 2020, for the neurologist's deposition, and Weaver's counsel confirmed that date was acceptable. Neither party objected that the proposed deposition date was after the discovery deadline. There is no indication whether the Store proposed a too-late date by mistake or to lull Weaver into sitting on her rights while the discovery period ran out. Neither party formally noticed the deposition, and it has not been taken. Instead, the Store filed the pending motion for summary judgment on March 26, 2020, and thereafter refused to produce its own employees for deposition at Weaver's request, even by videoconference, citing the COVID-19 pandemic and disclaiming any prior informal agreement to make its employees available.

**III.   Discussion**

The Store's summary judgment motion relies on a lack of eyewitness testimony to Weaver's actual fall and its cause. It also argues that it had no duty to warn of the open and

obvious danger posed by a large box on the floor.  Understandably, Weaver is upset because she believes Store employees may have relevant evidence to counter such arguments.  Specifically, she believes they may be eyewitnesses and may have relevant knowledge about her fall, the open and obvious nature of the hazard posed by the box on the floor, the events immediately after the fall, the investigation of the fall, and the Store's policies.  Weaver asks the Court, therefore, to enter a new scheduling and discovery order and to reopen discovery to allow her to depose the relevant Store employees before requiring her to file a response to the summary judgment motion.  *See* Fed. R. Civ. P. 56(d)(2) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery. . . .")..

While the Court could consider the summary judgment motion as currently briefed, it does not believe it is in the interest of justice to do so.  In light of the specific circumstances surrounding the litigation of this case—an informal agreement between counsel regarding discovery, both parties' acquiescence in proposing discovery beyond the established deadline, and the unprecedented COVID-19 pandemic that has complicated discovery in almost every case—the Court believes justice requires an additional opportunity to seek relevant evidence from all reasonable sources.  Indeed, some of these same circumstances were the reason the Court accepted the Store's technically late reply brief, and what's good for the goose is good for the gander.

**IV.   Conclusion**

Accordingly, pursuant to Rule 56(d)(2), the Court **ORDERS** that discovery is reopened for 90 days for the parties to take the depositions of the neurologist and relevant Store employees and to conduct any other necessary discovery.  The parties are encouraged to observe the

formalities of discovery because, as this case has borne out, often gentlemen's agreements are worth the paper they are written on.  Weaver shall have up to and including December 4, 2020, to file a new response to the Store's summary judgment motion, which shall supersede her current response.  The Store shall have a 14-day reply period.  The Court will reset the final pretrial conference and trial of this matter by separate order.  In the meantime, the Court **RESERVES RULING** on the Store's motion for summary judgment (Doc. 26).

**IT IS SO ORDERED.**
**DATED:  August 10, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
